**ORIGINAL**

Noe Kim Raquinio

P.O.Box 383444

Waikoloa, Hi 96738

808-765-5157

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 25 2020

at____o'clock and____min.____M
MICHELLE RYNNE, CLERK

IN THE UNITED STATES FEDERAL COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| Noe Raquinio | ) | CIVIL CASE NO. 3DRC-20-0001772 |
| Plaintiff, | ) | PLAINTIFF AMENDED COMPLAINT |
| | ) | DEMAND TRIAL BY JURY |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| County of Hawaii, | ) | |
| HPD | ) | |
| **Defendant,** | | |

## INTRODUCTION

1. This is an action for money damages, declaratory, and inductive relief brought pursuant to 42 U.S.C.§§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Hawaii, against County of Hawaii. HPD [Unknown Officers].

2. Plaintiff Noe Kim Raquinio alleges that Officer arrived on the scene immediately attacking me after grabbing my surf board out of my hands and throwing into the lava rocks while trying to grab my wallet he then grabs my free hand and start yelling stop resisting. I then pulled my arm back from his clench then he attacked me. Seizure of his person and restrained in there custody and beaten before they called for transport. I was beaten and torched forcing my legs and my spine that has recently been fused enclosed by a cage that has also cracked from the excessive force that I had to suffer slowly and painfully until the unknown officer no longer had the energy to continue torching me ,Then the called for a transport denied my request for medical assistance and further locking me up in cell block and charging me for disorderly conduct forcing me to sit in the cell for 12 hours until I got bailed out on 250. Bailing out and going immediately to emergency room to get checked out. Plaintiff alleges that these constitutional violations were committed also supported as a result of the police and there their superior County of Hawaii is liable under the theory respondent superior for the

Received By Mail
Date 11/25/20
LS

Mailed On
Date_____

torts committed by officers and defendants.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Hawaii state law pursuant to 28 U.S.C. § 1367.

4.     Venue lies in the United States Federal Court District of Hawaii because the County of Hawaii prejudice toward any issue pertaining to Plaintiff's claims occurred in Hawaii County of Kailua Kona, Hawaii 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff Noe Raquinio, is an adult citizen and resident of the city of Waikoloa, Hawaii. He has a AA in applied science for Automotive Technology but has been disabled from Degenerative Disc disease in the lumbar spine since 2012 and has been constantly pursuing treatment and under severe pain, awaiting surgery from DR John F Graham from Sept 26 2020

6.     Officer defendants were with the Police Department when the relevant events occurred., and still are with the Hawaii county Police Department. suing defendants for official capacities.

7.     Defendant, County of Hawaii, HPD failed to take reasonable steps to end the unlawful conduct alleged in this complaint.   Defendants also to be sued in their d official capacities.

8.     Defendant County of Hawaii. It is a municipal corporation and the public employer of all Defendants(Officers).

## BACKGROUND

9.     On Sept. 26 around 9:30 am I was walking into Koanaiki beach Park , STOP SECURITY GUARD AND WAS ASKING ABOUT THE GATE BEING CLOSED AS IT WAS SUPPOSE TO BE OPEN ON THE SEPT. 20 ANOUNCED GOV. IGE. As I was questioning and informing of there new updates the guard quickly snapped and revealed to me that "he was personally keeping the gates closed for his enjoyment I stepped back and said, what? Then he jumped on the phone and called the cops.

10.     Plaintiff did not engage in any unlawful conduct.

11. Plaintiff called 911 BECAUSE OF FEAR FROM RETALIATION FROM A LONG ON-GOING CIVIL LAWSUIT AGAINST HPD for other civil rights violation but same violation of false arrest. Making this a pattern of practice that they are continuing to practice against the very people they supposed to be protecting.

12. Officer drove in the locked gate by the security who left his post in golf cart leading the officer directly to me. While I was on my skateboard halfway to beach.

13. Officer attacked and assaulted me once in handcuffs continue to use excessive force to harm plaintiff even when warned.      No Traffic officer or uniformed officer present to represent Hawaii County police department.

14. Defendant officer had no warrant and no probable cause for an arrest under bill for a act 2020 Hawaii legislature pertaining to disorderly conduct unless actual physical fighting the charge should be dropped. Cannot prosecute for exercising constitutional rights.

15. Plaintiff was denied medical attention after subject to brutality down.

16. While Plaintiff was secured by Defendants being held against will or reason by the other officers and operating in their full capacities

17. Plaintiff while held against will and reason, Defendant officers illegally searched backpack without a warrant. Then asked me to give them permission to search after he admitted to me, he searched the backpack I was using which was stepdad who just died from cancer about 3 weeks prior to this event.

18. Plaintiff was not intoxicated, incapacitated, and not a threat to the safety of himself or others, or disorderly. Plaintiff stated, "I am unarmed with no weapons". "He had not committed any criminal offense".

19. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United Sates Constitution to be free from an unreasonable search and seizure of his person;

        b.    Loss of his physical liberty;

        c.    Intentional, offensive contact with his body; and severely damaging right shoulder and L4 disc in lower spine. See MRI EXHIBIT 9-10

        d.    Bent hardware and screws imbedded into lower lumbar of spine. MEDICAL ATTENTION REQUIRED LUMBAR FUSION L5 S1 REPAIR

ALL DAMAGED HARDWARE.

20. The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

### PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force [in making a lawful arrest] [and] [or] [in defending [himself] [herself] [others]] [and] [or] [in attempting to stop a fleeing or escaping suspect]. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force when [The Officer arrived he came to me with a violent approach ripping my surf board from my arm throwing into lava field asked me for Id while doing so , he attacked me by grabbing my free hand and started yelling stop resisting, immediately I broke his grip and took back my arm , he then attacked my a second time by grabbing me by my sweater pulling it over my head where he put a hand in Hand cuff wrenching my shoulder after I was already face down on the ground, he then attacked me a third time by planting his knee on my neck when I was already face down while continue to rip and pull my shoulder. Finally the other officer arrived beating me and holding me down when 1 ST OFFICER crossed my legs and spent 15 minutes suffering from the physical torcher I was subjected to while restrained resulting to damaging my 14 disc in spine see exhibit 10.]

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others;

[(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;]

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

[(6) the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

[(7) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;]

[(8) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

[(9) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(10) whether it should have been apparent to the officer[s] that the person [he] [she] [they] used force against was emotionally disturbed;]

[(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

[(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]

[(13)   **Title 42, U.S.C., Section 14141 - Pattern and Practice**

This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Whenever the Attorney General has reasonable cause to believe that a violation has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

Types of misconduct covered include, among other things:

1. Excessive Force

2. Discriminatory Harassment

3. False Arrest

4. Coercive Sexual Conduct

5. Unlawful Stops, Searches, or Arrests[ another main factor is the Officer did not have a warrant for my arrest, nor did I physically threaten or harm anybody, nor had no intention to do so. Officer lacked probable cause for an arrest.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

21.    At all relevant times, Defendants were all acting under color of law and under

color of authority as police officers, employees, and agents or servants of the County of Hawaii and as agents of the State of Hawaii.

## COUNT I

### 1A.
### 42 U.S.C. §1983 Against Defendants

22. Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

23. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against all officers in count 1, See Below

### PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force [in making a lawful arrest] [and] [or] [in defending [himself] [herself] [others]] [and] [or] [in attempting to stop a fleeing or escaping suspect]. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force when [*Officer approached grabbing my surf board and throwing into the lava rocks demanding for my I.D. immediately began his attack by forcefully grabbing my wrist while I was reaching for my ID.*] naturally self defense I twisted my wrist opposite of the force being applied pulling my arm back from the officers clinch at the same time sliding back away from officer, in which then the officer snaped and attacked me pulling my sweater over my head so he could put a a hand in hand cuffs then took me to the ground face first then following and going right into the vascular neck with his knee when I was already in hand cuff. Instantly cutting blood and air to my brain with my free hand I fought for my life to get out of that position to safe my life from evil doer he was unable to pin me long enough to kill me which I believe was his intentions while there nobody present luckily I made a 911 call prior and other units arrived to join in on the fun which was even worse but at least I wasn't going to be murdered by a cold killer being that there witness , even more the officer was in rage he then spent the next 15 minutes bending by legs back wards towards my head purposely torturing me hoping to break something which succeeded by damaging the titanium hardware and screws that holds my upper half to my lower half of body and broke the cage which allows me to function normally without suffering from pain, I remember hearing an officer why   AND THE ATTACKER SAID SOMETHING ABOUT ME AND BEING A JOB.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the [plaintiff] posed an immediate threat to the safety of the officer[s] or to others;

[(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;]

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the type and amount of force used;

[(6) the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

[(7) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;]

[(8) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

[(9) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(10) whether it should have been apparent to the officer[s] that the person [he] [she] [they] used force against was emotionally disturbed;]

[(11) whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

[(12) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]

## COUNT II
## 1B.

*False Imprisonment Against Defendants*

24. Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

25. Defendants, falsely imprisoned plaintiff by unlawfully detaining him against his own will. had no reason to detain or search Plaintiff because he did not reasonably believe that Plaintiff had committed an offense. Defendants participated in the unlawful detention.

## COUNT III
## 1C.

*42 U.S.C. § 1983 County of Hawaii*

26.     Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

27.     Prior to January 11, 2017, the Kailua Kona Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Kailua Kona, which caused the violation of Plaintiff's rights.

28.     It was the policy and/or custom of the Kailua Kona Police Department to fail to exercise reasonable care in hiring its police officers, including Defendants, thereby failing to adequately prevent constitutional violations on the part of its police officers.

29.     It was the policy and/or custom of Kailua Kona Police Department to inadequately supervise and train its police officers, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

30.     As a result of the above described policies and customs, police officers of the Kailua Kona, including Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31.     The above described polices and customs demonstrate a deliberate indifference on the part of the City of Kailua Kona to the constitutional rights of persons within the City of Kailua Kona and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT IV

### Respondent Superior County of Hawaii

32.     Plaintiff re-alleges and incorporates by reference ¶¶ 1–33.

33.     Defendant County of Hawaii for the false imprisonment committed against Plaintiff by Defendant. The County of Hawaii employed the officers, who committed false imprisonment while acting in the scope of their employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.      Enter judgment in favor of Plaintiff and against Defendants;

B.      Enter an order declaring Defendants conduct unconstitutional;

C.   Award Plaintiff compensatory and punitive damages against Defendants; pain and suffering ect. [medical cost plus treatment of sustained injury]

D.   Award Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

F.   Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief, or all available relief entitled to under count 1,2,3,.4

## Demand for Jury Trial

G. Plaintiff demands a jury trial, pursuant to the Seventh, 4th and 14 Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted Plaintiff,

DATE: 11/20/2020                              SIGN: _____

/s/ Noe Kim Raquinio
68-3752 Ua Noe
P.O. Box 383444
Waikoloa, Hi 96738
(808)765-5157

## CERTIFICATE OF SERVICE

I, Noe Kim Raquinio, hereby certify that I am PRO SE (Noe Kim Raquinio) and am of such age and discretion as to be competent to serve papers.I further certify that on this date I caused a copy of the Motion   to be placed in a postage-paid envelope addressed to the defendant(s), at the address(es) stated below, which is (are) the last known address(es) of said defendant(s), and deposited said envelope(s) in the United States mail on 5/13/20

Dated:11/20/2020                              SIGN: _____

Noe Raquinio
P.O.Box 383444
Waikoloa, Hi 96738
808-765-5157