IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NOE K. RAQUINIO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 20-cv-00441-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY** |

Before the Court is Defendant County of Hawaiʻi's motion to stay proceedings in the present case until a parallel state court case filed by Plaintiff is resolved. Because the Court finds the state and federal cases are substantially similar and exceptional circumstances warrant staying proceedings, the County's motion is GRANTED.

## **BACKGROUND**

This case arises from an altercation between the Hawaiʻi County Police Department ("HCPD") and Plaintiff Noe Raquinio on September 26, 2020. Dkt. No. 7 at 2–4.[1] Allegedly, after the County reopened public beaches, HCPD

---

[1] Raquinio appears to have amended his complaint twice; once on October 28, 2020, Dkt. No. 5, and again on November 25, 2020, Dkt. No 7. He has confirmed that the operative complaint is the one filed on November 25, 2020. *See* Dkt. No. 28.

officers unlawfully prevented Raquinio from accessing a particular beach. *Id.* In the process of doing so, officers allegedly applied excessive force in falsely arresting Raquinio. *Id.* On October 14, 2020, Raquinio initiated this federal case related to that incident. Dkt. No. 1. On November 5, 2020, he filed a state court case related to the same incident. *See Noe Raquinio v. County of Hawaiʻi HPD*, 3DRC-20-001772 ("state court case"). The state court subsequently denied a motion for summary judgment that Raquinio filed in his state court case. *See* Dkt. No. 40-4.

On February 22, 2021, the County filed a motion to stay proceedings in the present suit. Dkt. No. 40. The County argues that Raquinio's state and federal cases involve the same subject matter and incident and are therefore parallel. In part because the state court case is further along procedurally, with the court there having already considered and ruled on a motion for summary judgment, the County urges this Court, in the interest of judicial administration, to allow the state court case to be resolved before proceeding with the present federal case. *Id.* In a response filed on February 25, 2021, Raquinio does not dispute that the cases are parallel, but argues that proceedings should not be stayed because he speculates that the state court will be biased in favor of the County and because the relief he seeks exceeds the jurisdictional limits of the state court. Dkt. No. 45. The County replied on February 26, 2021. This order follows.

## **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The party seeking to stay the proceedings carries "the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255); *see also Fed. Home Loan Mortg. Corp. v. Kama*, 2014 WL 4980967, at *3–4 (D. Haw. Oct. 3, 2014).

Where a stay is sought because a plaintiff has filed parallel proceedings in state and federal court, the Court engages in a two-step analysis to determine whether it should "abstain from adjudicating the controversy before it for reasons of wise judicial administration." *Cerit v. Cerit*, 188 F. Supp. 2d 1239, 1248 (D. Haw. 2002) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976) (internal quotation marks omitted)). First, the Court must determine whether the proceedings are, in fact, parallel. *Id.* "Suits are parallel if substantially the same parties [are] litigat[ing] substantially the same issues in different forums." *Id.* (citing *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). If the Court finds the

3

cases are parallel, it considers factors established by the Supreme Court to "determine if circumstances are such that it is proper for the [C]ourt to abstain." *Id.* at 1249.

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and its progeny, the Supreme Court has instructed courts to consider several factors in making this determination. These include:

1. Jurisdiction over the res;

2. Inconvenience of the federal forum;

3. Desirability of avoiding piecemeal litigation;

4. Order in which jurisdiction was obtained by the concurrent forums;

5. Whether federal law provides the rule of decision on the merits;

6. Whether the state court proceedings are inadequate to protect the federal litigant's rights; and

7. Forum shopping.

*Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367–68 (9th Cir. 1990) (summarizing the Supreme Court factors) (citations omitted).[2] This list is "not exclusive," and no one factor is determinative. *Id.* at 1368. Rather, the factors are subject to a balancing test:

> [T]he decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist,

---

[2] For simplicity, the Court refers to these factors collectively as the "*Colorado River*" factors.

4

>but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## DISCUSSION

As discussed below, the Court finds the County has met its burden to demonstrate: (1) that this and the state court case are parallel; and (2) the circumstances presented warrant staying proceedings until resolution of the state court case.

## I.  The Cases are Parallel

Raquinio admits that the state court case arises out of the same incident as the present federal case.  *See* Dkt. No. 45 at 1 (acknowledging that "the state court case involve[s] the same arrest").  This is supported by a comparison of Raquinio's state and federal complaints.  *Compare* Dkt. No. 7 at 2–4 (alleging officers injured and falsely arrested him on September 26, 2020 at approximately 9:30 a.m. at Kohanaiki Beach Park) *with* Dkt. No. 40-3 (showing the state claim is based on the same injury from the same date and time and in the same location).  Both actions include claims against the County, HCPD, and individual officers and involve allegations that officers used excessive force in detaining him.  Dkt. No. 7; Dkt.

5

No. 40-3.  Accordingly, the Court finds the County has met its burden to demonstrate the state court case and this case are parallel.

## II.     The Circumstances Warrant Staying Proceedings

Having found the cases parallel, the Court considers the *Colorado River* factors to determine whether it should stay proceedings pending resolution of the state court case.  As discussed below, the factors—particularly, the risk of inconsistent results—weigh heavily in favor of staying proceedings.

### A.     Jurisdiction over the res

The Court finds that the first factor—jurisdiction over the *res*—is irrelevant as the case does not involve control of property.

### B.     Inconvenience of the federal forum

The Court agrees with the County, Dkt. No. 40-1 at 7–8, that the federal courthouse on Oahu is less convenient a forum than the state courthouse on the Big Island.  The Big Island is where the September 26, 2020 incident took place and where the parties and actors, including all relevant witnesses of which the Court is aware, reside.  Therefore, this factor weighs in favor of staying proceedings.

### C.     Desirability of avoiding piecemeal litigation

Raquinio's federal case and state court case both involve claims of "excessive force."  Dkt. No. 7 at 4–6; Dkt. No. 40-3 at 2.  Given that federal and Hawaii state courts have concurrent jurisdiction over Section 1983 claims, *see*

*Gordon v. Maeska-Hirata*, 431 P.3d 708, 719–30 (Haw. 2018) (assuming jurisdiction over plaintiff's Section 1983 claim), the Court finds that allowing the present case to proceed creates a significant risk of duplicative litigation and, more concerning, inconsistent results. Therefore, this factor weighs heavily in favor of staying proceedings.

    **D.**    **Order in which jurisdiction was obtained**

With regard to this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The *Moses H. Cone* Court points to *Colorado River* as an example of this principle in practice: "[t]here, the federal suit was actually filed first. Nevertheless, we pointed out as a factor favoring dismissal 'the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the [present] motion.'" *Id.* (quoting 424 U.S. at 820).

These actions are in materially the same posture. Though Raquinio's federal case was filed shortly before the state case, nothing of substance has occurred here beyond a scheduling conference out of which a scheduling order issued. Dkt. Nos. 28, 29. In contrast, Raquinio has already moved for summary judgment in the state court case. Dkt. No. 40-4. Indeed, not only has he so moved, but a hearing on the motion was held, and the motion was denied. *Id.* Clearly, more "progress

has been made" in resolving Raquinio's state court case than has been made in resolving this one. *See Moses H. Cone*, 460 U.S. at 21. Thus, this factor weighs in favor of staying proceedings.

### E. Whether federal law provides the rule of decision on the merits

"[T]he presence of federal questions weighs heavily against abstention." *Moses H. Cone*, 460 U.S. at 26. The Court agrees that federal questions are clearly presented here, Dkt. No. 7 (bringing claims under 42 U.S.C. § 1983 and the United States Constitution), and the County concedes this factor weighs against staying proceedings, Dkt. No. 40-1 at 9–10. Notably, however, this case is unlike *Moses H. Cone*. There, the Supreme Court found that a federal law preference in favor of arbitration weighed significantly against a stay because of the inadvisability of allowing a state court to determine the enforceability of an arbitration agreement in a particular context. 460 U.S. at 23–27. No arguably comparable Section 1983 scenario is present here, and there is therefore not as strong a federal law preference for a particular outcome. Therefore, while this factor weighs against staying proceedings, it does so only slightly.

### F. Whether the state court proceedings are inadequate to protect the federal litigant's rights

This is the only factor Raquinio argues weighs against staying proceedings in this case. He offers a few reasons why state courts will fail to protect his rights. First, he appears to argue that he has been precluded from bringing pro se litigation

in certain state courts. Dkt. No. 45 at 2. Second, he argues that state courts, particularly where he has previously litigated, will be biased against him and in favor of the County. Dkt. No. 45 at 2–3. Raquinio also argues that state court jurisdictional limits will result in less relief than he could obtain in federal court. *Id.* at 2–3.

Raquinio's first argument—that he has been precluded from filing pro se in state court at some point in the past—is unpersuasive, as it is clear he has been able to file and prosecute his current state court case. *See* Dkt. No. 40-4 (order denying summary judgment in that case). With regard to his bias claims, they are entirely conjectural. Raquinio has not offered any factual representations to support a conclusion that he will not be treated fairly by the state court. This Court will not simply assume a state court is incapable of objectively presiding over his case merely because the Court is located in the county being sued.[3] Finally, that his compensation may be capped in state court—even if true—is largely irrelevant to the Court's determination because the County is seeking a *stay* and not a *dismissal*. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir.1989) ("a stay ensures that the federal court will meet its 'unflagging duty' to exercise its

---

[3]Moreover, it was Raquinio's choice to file a claim in state court; he was, of course, not obligated to do so. Thus, his claim that he will not be treated fairly in state court has even less salience than it would otherwise.

jurisdiction"). In other words, a door (federal court) to vindicate his rights is not being forever locked, just temporarily closed.

Further, once again, it was Raquinio's choice to institute his claims in whatever state forum he deemed appropriate, subject to whatever limits come with that forum. He cannot now be heard to complain that the state court proceedings that he opted for are now somehow inadequate to protect his rights.

### G. Forum shopping

"The final factor to consider is whether the [federal] suit by [the Plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (citation omitted). The County argues that Raquinio expressing a preference for federal court and mentioning a cap on relief in state court demonstrate he is, in fact, forum shopping. Dkt. No. 49 at 3 n.2. Together with the state court's adverse ruling on Raquinio's summary judgment motion, the Court agrees. It is not unreasonable to conclude that Raquinio filed parallel actions within weeks of each other, hoping to secure the "best" forum to secure his objectives. His first shot across the bow was a summary judgment motion in state court. With that having failed, Raquinio now wishes to focus his attention in federal court, operating on a relatively clean slate. That is quintessential forum shopping. Thus, this factor weighs in favor of staying proceedings.

## **CONCLUSION**

Because the balance of factors weigh heavily in favor of staying proceedings in this case until the state court case is resolved, the County's motion for a stay of proceedings, Dkt. No. 40, is GRANTED.[4]  Proceedings in this case are HEREBY STAYED until further notice.  The Court ORDERS both parties to update the Court of material developments in the state court case, including closure, when appropriate.

IT IS SO ORDERED.

Dated: March 2, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Noe K. Raquinio v. County of Hawai'i, et al.*, Civil No. 20-cv-441-DKW-KJM, **ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

---

[4] In light of this stay order, Raquinio's motion for leave of the court to amend his pleadings, Dkt. No. 48, is DISMISSED as moot.  Raquinio is free to re-file that motion if he deems it appropriate if and when the stay is lifted.