IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NOE K. RAQUINIO, | ) | Civil No. 20-00441 DKW-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART |
| | ) | DEFENDANT COUNTY OF |
| COUNTY OF HAWAII; HAWAII | ) | HAWAII'S MOTION TO ENFORCE |
| POLICE DEPARTMENT; and | ) | APRIL 6, 2021 SETTLEMENT |
| UNKNOWN OFFICERS, | ) | AGREEMENT AND RELEASE |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT COUNTY OF HAWAII'S MOTION TO
ENFORCE APRIL 6, 2021 SETTLEMENT AGREEMENT AND RELEASE

On April 13, 2021, Defendant County of Hawaii (the "County") filed a

Motion to Enforce April 6, 2021 Settlement Agreement and Release ("Motion").

ECF No. 62. On April 19, 2021, Plaintiff Noe K. Raquinio ("Plaintiff") filed an

opposition to the Motion ("Opposition"). ECF No. 65. On April 20, 2021, the

County filed its Reply. ECF No. 66. On April 24, 2021, Plaintiff belatedly filed a

supplement to his Opposition. ECF No. 69.

The Court elected to decide the Motion without a hearing pursuant to Rule

7.2(d) of the Local Rules of Practice for the United States District Court for the

District of Hawaii. After carefully reviewing the Motion, the record in this case,

and the applicable law, the Court FINDS AND RECOMMENDS that the district

court GRANT IN PART AND DENY IN PART the Motion for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the facts and issues in this case. The Court therefore will only recite those relevant to the Motion.

On October 14, 2020, Plaintiff filed his original Complaint for Violation of Civil Rights. ECF No. 1. On November 25, 2020, Plaintiff filed an Amended Complaint ("First Amended Complaint"), which is the operative pleading in this case. ECF No. 7; *see also* ECF No. 28 (noting that Plaintiff confirmed that ECF No. 7 is the operative pleading). The First Amended Complaint asserts claims against the County arising out of the alleged violation of Plaintiff's civil rights during a confrontation between Plaintiff and officers of the County's Police Department. Plaintiff alleges that he sustained serious injuries to his shoulder and back as a result of this confrontation. *See* ECF No. 65 at 3.

On March 2, 2021, the district court granted the County's motion to stay the case. ECF No. 50. On April 6, 2021, the Court held an early settlement conference, during which Plaintiff and the County's attorney met directly, in person, and reported their conversation telephonically to the Court. The parties did not inform the Court of the precise settlement terms discussed. Rather, they made

the Court aware that Plaintiff was considering an offer made by the County.  ECF No. 56.

On April 10, 2021, Plaintiff filed a document entitled, "Plaintiff Declines Offer Statement" ("04/10/2021 Filing").  ECF No. 58.  Plaintiff attached as an exhibit to the 04/10/2021 Filing a copy of a document entitled, "Settlement Agreement and Release" ("Settlement Agreement").  *Id.* at 3-7.  Based on the face of the document, Plaintiff signed the Settlement Agreement on April 6, 2021 before a notary public.  *Id.* at 7.

The Court subsequently set a status conference regarding the 04/10/2021 Filing for April 16, 2021.  ECF No. 61.  Before the April 16, 2021 status conference, the County filed its Motion, to which the County also attached a copy of the Settlement Agreement.  At the April 16, 2021 status conference, the Court set a briefing schedule and elected to decide the Motion without a hearing.  ECF No. 63.  On April 19, 2021, the district court issued an entering order lifting the stay, effective as of April 5, 2021.  ECF No. 64.

DISCUSSION

The Motion asks the Court for an order enforcing the terms of the Settlement Agreement against Plaintiff.  "[I]t is now well established that the trial court has power to summarily enforce on a motion a settlement agreement entered into by the litigants while the litigation is pending before it."  *In re City Equities Anaheim,*

*Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citation and internal quotation marks omitted). "The motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (citations omitted). "Ordinarily, the 'construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.'" *Cooper v. Dep't of Tax'n*, CIVIL NO. 18-00284 JAO-RT, 2019 WL 6224532, at *2 (D. Haw. Nov. 18, 2019) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). Thus, Hawaii contract law principles apply in deciding the Motion.

"In order to be enforceable, a settlement agreement must have the traditional elements of a contract: offer, acceptance, consideration, and parties who have the capacity and authority to enter into the agreement." *Kaiaokemalie v. Matson Terminals, Inc.* Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016); *Amantiad v. Odum*, 90 Haw. 152, 162, 977 P.2d 160, 170 (1999) (citation omitted). "According to Hawaiʻi courts, absent 'bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.'" *Id.* (other citations omitted) (quoting *Edwards v. Trade Pub. Ltd.*, CIV. 12-00023 SOM, 2013 WL 1296277, at *3 (D. Haw. Mar. 27, 2013)); *see also Miller v. Manuel*, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991).

The Court has carefully reviewed the Settlement Agreement and finds that it has the requisite elements of offer, acceptance, and consideration. The Settlement Agreement provides that, in exchange for the County's payment to Plaintiff of $8,000, Plaintiff agrees to release, waive, and discharge the County from any and all claims that existed or may have existed up until April 6, 2021. ECF No. 62-2 at 1-2 ¶¶ 1-2. The Settlement Agreement also states: "Upon the full and final execution of this [Settlement] Agreement, Plaintiff and the County will execute and file a Stipulation of Dismissal With Prejudice and Order, pursuant to Federal Rule of Civil Procedure 41, for the Lawsuit, subject to the terms of this [Settlement] Agreement." *Id.* at 2 ¶ 3. In addition, the Settlement Agreement states: "The Undersigned Parties make this compromise with full knowledge of the facts and are fully informed as to the terms, content, and effect of this [Settlement] Agreement." *Id.* at 3 ¶ 4(d).

The Opposition asserts that the Settlement Agreement is unenforceable because it was "not signed by all the parties nor was it made orally before the court . . . ." ECF No. 65 at 2. Contrary to the Opposition's assertion, however, Plaintiff's notarized signature appears on the Settlement Agreement, and Plaintiff does not dispute that the signature is his. Furthermore, Plaintiff cites to no legal authority to support his assertion that a fully executed settlement agreement is not enforceable unless it is made orally before the court. The Opposition thus fails to

persuade the Court that the Settlement Agreement is not a binding and enforceable contract.

Although Plaintiff does not specifically raise this in his Opposition, the 04/10/2021 Filing attempts to invalidate the Settlement Agreement based on the assertion that Plaintiff thought that the Settlement Agreement would require the County to pay Plaintiff $80,000, not $8,000. ECF No. 58 at 1. This type of assertion, however is barred by the parol evidence rule. "The parol evidence rule generally precludes the use of extrinsic evidence to vary or contradict the terms of an unambiguous and integrated contract . . ." *Pancakes of Haw., Inc. v. Pomare Props. Corp.*, 85 Haw. 300, 310, 944 P.2d 97, 107. "[A]n agreement is integrated where the parties thereto adopt the writing or writings as the final and complete expression of the agreement and an 'integration' is the writing or writings so adopted." *Pancakes of Haw.*, 85 Haw. at 310 n.6, 944 P.2d at 107 n.6 (Ct. App. 1997) (citation and internal quotation marks omitted). "'[W]here the parties reduce an agreement to a writing [that] in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression.'" *Id.* at 311, 944 P.2d at 108 (some brackets added) (quoting Restatement (Second) of Contracts § 209(3)).

The Court finds that the terms of the Settlement Agreement are clear and unambiguous. The Court further finds that, although the Settlement Agreement does not contain an integration clause, it is nevertheless an integrated contract. Plaintiff does not present evidence that the Settlement Agreement is not a final expression of the parties' agreement to settle this case. Accordingly, the parol evidence rule precludes Plaintiff from introducing extrinsic evidence to contradict the terms of the Settlement Agreement.

The Court also finds that the parties possessed the requisite capacity and authority to enter into the Settlement Agreement. The Settlement Agreement expressly states that the parties "represent and warrant that they have the authority to agree to, and to execute, all the terms specified herein." ECF No. 62-2 at 3. The Opposition recites uncited legal propositions regarding duress and economic duress. Without more, however, the Court cannot determine the relevance of these provisions to the Motion or find reason to suspect that Plaintiff did not have the requisite capacity to enter into the Settlement Agreement.

Based on the foregoing, the Court finds that the parties, including Plaintiff, agreed to the material terms clearly and unambiguously set forth in the Settlement Agreement and fully and completely understood such terms. The Court thus further finds that the Settlement Agreement constitutes a binding and enforceable contract. Plaintiff's status as a pro se litigant does not allow him the freedom to

change his mind after executing the Settlement Agreement. *C.f. Henderson v.*
*Yard House Glendale, LLC*, 456 Fed. App'x 701, 702 (9th Cir. 2011) (affirming
the district court's enforcement of a settlement agreement with a pro se litigant
who entered into the agreement on the record); *Brooks v. Tarsadia Hotels*, Case
No.: 3:18-cv-02290-GPC-KSC, 2020 WL 5870203, at *5 (S.D. Cal. Oct. 2, 2020)
(citations omitted) ("[P]laintiff's pro se status does not alter the scope of the
Court's jurisdiction to permit him to change his mind about going through with the
settlement." (internal quotation marks and brackets omitted) (citation omitted)).
Accordingly, the Court recommends that the district court grant the Motion as to
the County's request for enforcement of the Settlement Agreement against
Plaintiff.

Without briefing the issue, the County also asks the Court for an award of
attorneys' fees and costs for having to the file the Motion. ECF No. 62 at 3. After
carefully considering the County's request and reviewing the record in this case,
and considering that Plaintiff is proceeding *pro se*, the Court exercises its
discretion to find and recommend that the district court deny the Motion as to the
County's request for an award of fees and costs.

CONCLUSION

Based on the foregoing, the Court FINDS that the Settlement Agreement
constitutes a binding and enforceable contract. The Court thus RECOMMENDS

that the district court GRANT the Motion and enforce the terms of the Settlement Agreement, specifically the provision that requires Plaintiff to execute a Stipulation of Dismissal With Prejudice and Order prepared by the County. If Plaintiff refuses to execute a Stipulation of Dismissal With Prejudice and Order, the Court recommends that the district court dismiss this case with prejudice based upon the binding settlement reached. The Court also RECOMMENDS that the district court DENY the County's request for attorneys' fees and costs related to the filing of the Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 3, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

*Raquinio v. Cnty. of Haw., et al.*, Civil No. 20-00441 DKW-KJM; Findings and Recommendation to Grant in Part and Deny in Part Defendant County of Hawaii's Motion to Enforce April 6, 2021 Settlement Agreement and Release